UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY BLACKMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>KEN CLARK, et al.,<br><br>    Defendants. | Case No. 1:16-cv-00797-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER DIRECTING PLAINTIFF TO PAY THE $400 FILING FEE WITHIN TWENTY-ONE DAYS OF THIS ORDER**<br><br>**FINDINGS AND RECOMMENDATION THAT FAILURE TO PAY FILING FEE RESULT IN DISMISSAL OF THIS ACTION, WITHOUT PREJUDICE, PURSUANT TO 28 U.S.C. § 1915(G)**<br><br>**(ECF Nos. 1 & 2)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se in this civil rights action brought pursuant to 42 U.S.C. § 1983 on June 6, 2016. (ECF No. 1.) Plaintiff seeks leave to proceed in forma pauperis in this case. (ECF No. 2.)

As yet, Plaintiff has neither consented to nor denied Magistrate Judge jurisdiction. No other parties have appeared.

Plaintiff is subject to 28 U.S.C. 1915(g), which provides that "[i]n no event shall a

prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Plaintiff has brought more than three actions that were dismissed for being frivolous or malicious, or for failing to state a claim.[1] The only question remaining is whether Plaintiff is under imminent danger of serious physical injury.

The imminent danger exception applies if "the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007). The Ninth Circuit interprets "imminent danger" to mean "ongoing danger," meaning the prisoner must allege that prison officials have continued with a practice that has injured him or others similarly situated in the past. Id. at 1056-57.

A prisoner seeking to invoke the imminent danger exception in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm. McNeil v. U.S., 2006 WL 581081 (W.D. Wash. Mar. 8, 2006) (citing Kinnell v. Graves, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and White v. Colorado, 157 F.3d 1226, 1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. See Pauline v. Mishner, 2009 WL 1505672 (D. Haw. May 28, 2009) (plaintiff's vague and conclusory allegations of possible future harm to himself or others are insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under § 1915(g)); Cooper v. Bush, 2006 WL 2054090 (M.D. Fla. July 21, 2006) (plaintiff's allegations that

---

[1] The Court takes judicial notice of the following United States District Court cases: Blackman v. Spalding, case number 1:16-cv-00115-LJO-SAB (E.D. Cal.) (dismissed on January 27, 2016); Blackman v. Taxdahl, case number 1:04-cv-06389-AWI-LJO (E.D. Cal.) (dismissed on May 18, 2007, for failure to state a claim); Blackman v. Evans, case number 1:06-cv-00081-GSA (E.D. Cal.) (dismissed on Feb 3, 2009, for failure to state a claim); and Blackman v. Medina, case number 3:05-cv-05390-SI (N.D. Cal.) (dismissed on Mar. 13, 2006, and for failure to state a claim); see also Blackman v. Hedgpath, case number 1:10-cv-01393-LJO-MJS (E.D. Cal) (Aug. 11, 2010, order designating plaintiff a three strikes litigant for purposes of section 1915(g).)

2

he will commit suicide, or that he has already attempted suicide and will do so again, are insufficient to show imminent danger); Luedtke v. Bertrand, 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) ("[p]laintiff's vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are not enough. These allegations are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury.").

Here, the Court has reviewed Plaintiff's complaint and finds it does not involve imminent danger of serious physical injury to Plaintiff. Plaintiff's claims arise out of the processing and/or handling of his inmate appeals.

Plaintiff is therefore is not entitled to proceed in forma pauperis. Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion for leave to proceed in forma pauperis in this action is DENIED; and
2. Plaintiff is directed to pay the $400 filing fee in full within **twenty-one (21) days** of service of this order; and

IT IS HEREBY RECOMMENDED:

1. If Plaintiff fails to pay the $400 filing fee in full by the above deadline, all pending motions be terminated and the action be dismissed without prejudice.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of

rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   June 13, 2016                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE